UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER
FOR BANKUNITED, FSB,

    Plaintiff,

v.                                            Case No:  2:12-cv-277-FtM-29SPC

JOHN MILLMAN, JEFFREY
MILLIER and FIRST CHARLOTTE
APPRAISALS INC.,

    Defendants.
_____/

## ORDER

    This matter comes before the Court on Plaintiff's Motion for Entry of Clerk's Default Against Defendants Jeffrey Miller and First Charlotte Appraisals, Inc. (Doc. #11) filed on September 21, 2012.  The Plaintiff moves for an entry of clerk's default against Defendants Jeffrey Miller and First Charlotte Appraisals, Inc.

    The Verified Return of Service indicates that service was effectuated upon Defendant Jeffrey Miller by leaving a copy of the summons and Complaint with Shannon Miller, Defendant's spouse at their abode, 3372 Pinetree Street, Port Charlotte, Florida, 33952, on August 11, 2012.  (Doc. #9).  Service was effectuated on First Charlotte Appraisals, Inc. by delivering a copy of the summons and Complaint to an employee of The Law Firm of Lawrence J. Spiegel, Chrtd, as Registered Agent, at 1840 Coral Way, 4th Floor, Miami, Florida, 33145, on August 2, 2012.  (Doc. #7).  While The Law Firm of Lawrence J. Spiegel, Chrtd. is designated by law to accept service of process on behalf of Defendant, First Charlotte Appraisals, Inc., the Verified Return of Service indicates that the law firm's office is located at 343 Almeria Avenue,

Coral Gables, Florida, 33134, but service was actually done at 1840 Coral Way, 4th Floor, Miami, Florida, 33145. A search of the Florida Department of State, Division of Corporation records for information about First Charlotte Appraisals, Inc., reveals that The Law Firm of Lawrence J. Spiegel, Chrtd is Defendant's registered agent for service of process, but also states that the address is 343 Almeria Avenue, Coral Gables, Florida, 33134. There is no explanation for this discrepancy in Plaintiff's Motion for Clerk's Default. To date, neither Defendant has filed or served any paper in response to this lawsuit.

The entry of a clerk's default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). Before a clerk's default can be issued, the serving party must establish that the defaulting party was properly served. Kelly v. Florida, 2007 WL 295419 *2 (11th Cir. Jan. 31, 2007). Pursuant to Fed R. Civ. P. 4(h), service upon a corporation is effected when:

> [u]nless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . .

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent

2

residing in the state. Fla. Stat. § 48.081(1)(a-d).  As an alternative, process may be served on the agent designated by the corporation as its registered agent.  The conditions imposed by Florida Stat. § 48.081 must be strictly complied with and valid service on a corporation may be effected only by complying with such statute.  S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002);  Bank of America, N.A. v. Bornstein, 39 So.3d 500, 502 (Fla. 4th DCA 2010); Richardson v. Albury, 505 So. 2d 521, 522-23 (Fla. 2d DCA 1987)

In this case, the initial Summons and Complaint were served on Defendant First Charlotte Appraisals, Inc. through an employee of the Registered Agent at the address of 1840 Coral Way, 4th Floor, Miami, Florida, 33145.  (Doc. #7).  Service on an employee of the Registered Agent is not proper.  It must be done on the Registered Agent.  Plus, it is not entirely clear from the information before this Court that the Coral Way address was the correct location for The Law Firm of Lawrence J. Spiegel, Chrtd.  Therefore, the Motion for Clerk's Default to be entered against Defendant First Charlotte Appraisals, Inc. is denied without prejudice.

With regard to Defendant Jeffrey Miller, the service complies with Florida law. Florida law allows service of an individual "by delivering a copy of [the summons and complaint] to the person to be served . . . or by leaving the copies at [a Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1). Baca v. Zee Auto Center, Inc., 2007 WL 2298076 *1(M.D. Fla. Aug. 7, 2007).  The Verified Return of Service indicates that Defendant's wife was served the summons and Complaint at their residence on August 11, 2012. (Doc. #9).  Thus, service was proper.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint.  To date, there has

been no responsive pleading with respect to the Complaint from the Defendant, Jeffrey Miller. Therefore, the entry of clerk's default against him is appropriate at this time.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default Against Defendants Jeffrey Miller and First Charlotte Appraisals, Inc. (Doc. #11) is **GRANTED in part and DENIED in part**.

1. Plaintiff's request for clerk's default against Defendant First Charlotte Appraisals, Inc. is **DENIED without prejudice**.

2. Plaintiff's request for clerk's default against Defendant Jeffrey Miller is **GRANTED**. The Clerk is directed to enter Clerk's Default against Defendant Jeffrey Miller **ONLY**.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of September, 2012.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record