UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
BANKUNITED, FSB,**

    **Plaintiff,**

v.     Case No:  2:12-cv-277-FtM-29SPC

**JOHN MILLMAN, JEFFREY MILLIER
and FIRST CHARLOTTE APPRAISALS
INC.,**

    **Defendants.**
_____/

## ORDER

This matter comes before the Court on Plaintiff's Second Motion for Entry of Clerk's Default Against Defendant, First Charlotte Appraisals, Inc. (Doc. #17) filed on November 8, 2012.  The Plaintiff moves for an entry of clerk's default against Defendant First Charlotte Appraisals, Inc.[1]

Service was effectuated on First Charlotte Appraisals, Inc. by delivering a copy of the summons and Complaint to Lawrence J. Spiegel of The Law Firm of Lawrence J. Spiegel, Chrtd, as Registered Agent, at 1840 Coral Way, 4th Floor, Miami, Florida, 33145, on October 8, 2012 (Doc. #16).  This Court previously denied Plaintiff's request for clerk's default against First Charlotte Appraisals, Inc. because there was a discrepancy between the address of the registered agent in the Florida Department of State, Division of Corporation records and where service was actually effectuated.  An Affidavit in Support of Entry of Clerk's Default (Doc. #17-1) attached to the instant Motion, indicates that the Registered Agent is no longer located at 343 Almeria

---

[1] Clerk's Default has previously been entered against Defendant Jeffrey Miller.  (Doc. #12).

Avenue, Coral Gables, Florida 33134, but is now located at 1840 Coral Way, 4th Floor, Miami, Florida, 33145, which is where the Registered Agent was served.[2] To date, Plaintiff asserts that Defendant First Charlotte Appraisals, Inc. has failed to file an answer or otherwise defend.

The entry of a clerk's default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). Before a clerk's default can be issued, the serving party must establish that the defaulting party was properly served. Kelly v. Florida, 2007 WL 295419 *2 (11th Cir. Jan. 31, 2007). Pursuant to Fed R. Civ. P. 4(h), service upon a corporation is effected when:

> [u]nless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name and from which a waiver of service has not been obtained and filed, shall be effected:
>
> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . .

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070. A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d). As an alternative, process may be served on the agent designated by the corporation as its registered agent. The conditions imposed by Florida

---

[2] The Court accepts the affidavit but notes that the Certificate of Service on the Motion (Doc. #17, p. 4) indicates that the pleading was sent to the Registered Agent at 343 Almeria Avenue, Coral Gables, Florida 33134. The Court assumes that this is a scrivener's error that will be corrected in all future certificates of service.

2

Stat. § 48.081 must be strictly complied with and valid service on a corporation may be effected only by complying with such statute.  S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002);  Bank of America, N.A. v. Bornstein, 39 So.3d 500, 502 (Fla. 4th DCA 2010); Richardson v. Albury, 505 So. 2d 521, 522-23 (Fla. 2d DCA 1987).

In this case, the initial Summons and Complaint were served on Defendant First Charlotte Appraisals, Inc. through its Registered Agent Lawrence J. Spiegel of The Law Firm of Lawrence J. Spiegel, Chrtd, at 1840 Coral Way, 4th Floor, Miami, Florida, 33145.  (Doc. #16).  Service on the Registered Agent is proper under Florida law.  Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint.  To date, there has been no responsive pleading with respect to the Complaint from the Defendant, First Charlotte Appraisals, Inc.  Therefore, the entry of clerk's default against him is appropriate at this time.

Accordingly, it is now

**ORDERED:**

Plaintiff's Second Motion for Entry of Clerk's Default Against Defendant, First Charlotte Appraisals, Inc. (Doc. #17) is **GRANTED**.  The Clerk is directed to enter Clerk's Default against Defendant First Charlotte Appraisals, Inc. **ONLY**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of November, 2012.

*SHERI POLSTER CHAPPELL*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record